No. 21-10550

_____

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

_____

JEREMY WELLS,

*Plaintiff-Appellant,*

v.

WARDEN PHILBIN, CLIFFORD BROWN, and FNU FLUKER,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Georgia
Case No. 1:20-CV-00097
The Honorable J. Randal Hall

_____

## PETITION FOR PANEL REHEARING AND REHEARING EN BANC

_____

Rosalind Dillon
RODERICK & SOLANGE
 MACARTHUR JUSTICE CENTER
160 East Grand Ave., Floor 6
Chicago, IL 60611

Easha Anand
RODERICK & SOLANGE
 MACARTHUR JUSTICE CENTER
2443 Fillmore St., #380-15875
San Francisco, CA 94115
(510) 588-1274
easha.anand@
 macarthurjustice.org

*Attorneys for Plaintiff-Appellant*

_____

Wells v. Warden, et al.,
11th Cir. Docket No. 20-10550

## CERTIFICATE OF INTERESTED PERSONS & CORPORATE DISCLOSURE STATEMENT

The undersigned hereby certifies the following list of trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that may have an interest in the outcome of this appeal:

Anand, Easha

Brennan Center for Justice at NYU School of Law

Brown, Clifford

Cao, Perry

Dignam, Brett

Dillon, Rosalind

Epps, Brian K., U.S. Magistrate Judge

Florida Justice Institute

Fluker, FNU

Gelernter, Eugene M.

Hall, Randal J., U.S. District Court Chief Judge

Human Rights Defense Center

Legal Aid Society

Marion, Abigail E.

Patterson Belknap Webb & Tyler LLP

Wells v. Warden, et al.,
11th Cir. Docket No. 20-10550

Philbin, Warden

Quigley, William P.

Rao, Devi

Roderick & Solange MacArthur Justice Center

Southern Center for Human Rights

Southern Poverty Law Center

Wells, Jeremy John

Pursuant to Eleventh Circuit Rule 26.1-3, the undersigned further certifies that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

Dated: February 7, 2022                    Respectfully submitted,

                                           *s/ Easha Anand*
                                           Easha Anand

## RULE 35(b)(1) STATEMENT

**I.** I express a belief, based on a reasoned and studied professional judgment, that the panel decision is contrary to the following decision of the Supreme Court of the United States and that consideration by the full court is necessary to secure and maintain uniformity of decisions in this court: *Jones v. Bock*, 549 U.S. 199 (2007). In addition, I express a belief, based on a reasoned and studied professional judgment, that this appeal involves one or more questions of exceptional importance: Whether a dismissal for failure to exhaust is a "strike" for purposes of the Prison Litigation Reform Act's (PLRA's) "three-strikes" provision.

The text of 28 U.S.C. § 1915(g)—the "three-strikes" provision of the PLRA—is clear. It assesses a "strike" only when a prisoner brings an action that is "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). That provision does *not* list dismissal for failure to exhaust as a ground for assessing a strike. Yet this Circuit holds—contrary to that plain text—that a dismissal for failure to exhaust *does* constitute a strike. That conclusion is at odds with the determination of the seven other

circuits to consider the question.[1] And the panel opinion applied that rule only because it believed prior published cases required it to do so, meaning that the only way to correct this Court's outlier rule is to grant rehearing en banc.

**II.** I express a belief, based on a reasoned and studied professional judgment, that this appeal involves one or more questions of exceptional importance: Whether a district court may dismiss a complaint under 28 U.S.C. § 1915(g) without first affording a plaintiff with "three strikes" an opportunity to pay the filing fee.

The text of 28 U.S.C. § 1915(g) is clear. It does not limit the ability of a prisoner to "bring a civil action," full stop. It limits only the ability of a prisoner to "bring a civil action . . . *under this section*," that is, under the *in forma pauperis* section. A prisoner with three strikes thus is not foreclosed from filing a lawsuit but only from doing so *in forma pauperis*. The remedy where a prisoner has three strikes is to allow the prisoner a

---

[1] *See Snider v. Melindez*, 199 F.3d 108, 115 (2d Cir. 1999); *Ball v. Famiglio*, 726 F.3d 448, 459-60 (3d Cir 2013); *Green v. Young*, 454 F.3d 405, 408 (4th Cir. 2006); *Turley v. Gaetz*, 625 F.3d 1005, 1012-13 (7th Cir. 2010); *Owens v. Isaac*, 487 F.3d 561, 563 (8th Cir. 2007); *Strope v. Cummings*, 653 F.3d 1271, 1274 (10th Cir. 2011); *Thompson v. Drug Enf't Admin.*, 492 F.3d 428, 438 (D.C. Cir. 2007).

chance to proceed without *in forma pauperis* status by prepaying the full filing fee, not to dismiss the case altogether. Rehearing en banc is warranted because this Court's rule to the contrary cannot be reconciled with the text of the statute and is out of step with its sister circuits.

Dated: February 7, 2022                    Respectfully submitted,

                                          *s/ Easha Anand*
                                          Easha Anand

                                          *Attorney for Plaintiff-Appellant*
                                          *Jeremy Wells*

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS & CORPORATE DISCLOSURE STATEMENT ................................................................. C-1

RULE 35(b)(1) STATEMENT ............................................................... i

TABLE OF AUTHORITIES ................................................................. v

STATEMENT OF ISSUES WARRANTING EN BANC CONSIDERATION ............................................................................. 1

STATEMENT OF THE CASE ............................................................. 1

I.    Statutory Background. ............................................................. 1

II.   Proceedings Below. ................................................................. 2

ARGUMENT ......................................................................................... 5

I.    This Circuit's Outlier Rule That 28 U.S.C. § 1915(g) Imposes A "Strike" For A Dismissal For Failure To Exhaust Warrants Rehearing En Banc. ................................................................. 5

    A.    This Court's Position Conflicts With The Text Of The Statute, Supreme Court Precedent, And Every Other Circuit To Consider The Question. ............................................. 5

    B.    The Question Presented Is Important And Recurs Frequently, And This Is A Rare Opportunity For This Court To Address It. ........................................................... 10

II.   This Circuit's Outlier Rule Requiring Courts To Dismiss A Case Rather Than Giving A Three-Strikes Prisoner The Opportunity To Pay The Filing Fee Warrants Rehearing En Banc. ...................................................................................... 13

CONCLUSION .................................................................................... 17

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*In re Alea,*
    286 F.3d 378 (6th Cir. 2002) .......................................................... 15, 17

*Anderson v. Donald,*
    261 F. App'x 254 (11th Cir. 2008) ........................................................ 9

*Ball v. Famiglio,*
    726 F.3d 448 (3d Cir 2013) ............................................................ 8, 15

*Bracero v. Sec'y, Fla. Dep't of Corr.,*
    748 F. App'x 200 (11th Cir. 2018) ...................................................... 12

*Cain v. Figueroa,*
    No. 3:21-cv-71, 2021 WL 5760315 (M.D. Fla. Dec. 3, 2021) ............... 11

*Campbell v. Taylor,*
    No 3:18-cv-00876, 2021 WL 6051069 (M.D. Ala. Dec. 21,
    2021) .................................................................................................. 11

*Comesanas v. Pelt,*
    No. 5:18-cv-268, 2021 WL 1378782 (N.D. Fla. Mar. 23,
    2021) .................................................................................................. 11

*Cope v. Frederick,*
    No. 2:19-CV-194, 2021 WL 6425385 (M.D. Ala. Dec. 15,
    2021) .................................................................................................. 11

*Daker v. Bryson,*
    841 F. App'x 115 (11th Cir. 2020) ........................................................ 6

*Daker v. Comm'r, Ga. Dep't of Corr.,*
    820 F.3d 1278 (11th Cir. 2016) .................................................... 5, 6, 7

*Dorsey v. Clay,*
    No. 3:21-CV-00078, 2021 WL 5894033 (M.D. Ga. Nov. 22,
    2021) .................................................................................................. 16

*Dubuc v. Johnson*,
  314 F.3d 1205 (10th Cir. 2003) .......................................................... 15

*Dupree v. Palmer*,
  284 F.3d 1234 (11th Cir. 2002) ................................................... 14, 15

*Fedd v. Coleman*,
  No. 5:20-cv-128, 2021 WL 2303128 (S.D. Ga. Apr. 5, 2021) ............... 11

*Green v. Young*,
  454 F.3d 405 (4th Cir. 2006) ........................................................... 8, 11

*Greyer v. Ill. Dep't of Corr.*,
  933 F.3d 871 (7th Cir. 2019) ............................................................... 16

*Henderson v. Carr*,
  No. 1:21-cv-179, 2021 WL 6512116 (S.D. Ga. Dec. 14,
  2021) .................................................................................................. 16

*Hernandez v. Fla. Dep't of Corr.*,
  281 F. App'x 862 (11th Cir. 2008) ......................................................... 9

*Hoever v. Carraway*,
  977 F.3d 1203 (11th Cir. 2020) ............................................................. 3

*Isby v. Brown*,
  856 F.3d 508 (7th Cir. 2017) ............................................................... 16

*James v. Anderson*,
  770 F. App'x 724 (5th Cir. 2019) ......................................................... 15

*Jones v. Bock*,
  549 U.S. 199 (2007) ................................................................... *passim*

*McCarthy v. Madigan*,
  503 U.S. 140 (1992) ........................................................................... 10

*Mingo v. Inch*,
  No. 4:21-cv-298, 2021 WL 4755606 (N.D. Fla. Sept. 10,
  2021) .................................................................................................. 11

vi

*Muhammad v. Storr*,
   No. 4:97-cv-00383, 2014 WL 1613937 (N.D. Fla. Apr. 22,
   2014) ................................................................................... 17

*Neitzke v. Williams*,
   490 U.S. 319 (1989) ................................................................. 6

*Oliver v. Ameris Bank*,
   No. 4:20-cv-273, 2021 WL 3508680 (S.D. Ga. Aug. 10,
   2021) ................................................................................... 11

*Owens v. Isaac*,
   487 F.3d 561 (8th Cir. 2007) ................................................... 8

*Pinson v. Grimes*,
   391 F. App'x 797 (11th Cir. 2010) ...................................... 6, 7

*Plummer v. Toliver*,
   No. 2:21-cv-51, 2021 WL 5862780 (S.D. Ga. Sept. 17,
   2021) ................................................................................... 11

*Rivera v. Allin*,
   144 F.3d 719 (11th Cir. 1998) ........................................ 4, 5, 8

*Sanders v. Fla. Dep't of Corr.*,
   No. 3:21CV3871, 2021 WL 6424644 (N.D. Fla. Dec. 27,
   2021) ................................................................................... 16

*Sloan v. Lesza*,
   181 F.3d 857 (7th Cir. 1999) ................................................. 16

*Smith v. District of Columbia*,
   182 F.3d 25 (D.C. Cir. 1999) ................................................ 15

*Snider v. Melindez*,
   199 F.3d 108 (2d Cir. 1999) ............................................. 8, 12

*Stephens v. Goodwin*,
   No. 3:21-cv-1249, 2021 WL 6753650 (M.D. Fla. Dec. 30,
   2021) ................................................................................... 16

*Strope v. Cummings*,
    653 F.3d 1271 (10th Cir. 2011) ........................................................ 8

*Tafari v. Hues*,
    473 F.3d 440 (2d Cir. 2007) ........................................................... 12

*Taylor v. Murray*,
    No. 3:21-cv-014, 2021 WL 6205853 (S.D. Ga. Dec. 6, 2021) .............. 11

*Thompson v. Drug Enf't Admin.*,
    492 F.3d 428 (D.C. Cir. 2007) ........................................................ 8

*Turley v. Gaetz*,
    625 F.3d 1005 (7th Cir. 2010) ....................................................... 8

*Wells v. Cook*,
    No. 1:11-cv-324-RJC, 2012 WL 1032689 (W.D.N.C. Mar.
    27, 2012) .................................................................................... 3

*Wells v. Sterling*,
    No. 6:15-cv-1344-MBS, 2016 WL 1274036 (D.S.C. Mar. 31,
    2016) ..................................................................................... 3, 9

*White v. Lemma*,
    947 F.3d 1373 (11th Cir. 2020) ...................................................... 4

*Williams v. Roberts*,
    116 F.3d 1126 (5th Cir.1997) ....................................................... 17

*Yisraeh-Benyahweh v. Fla. Governor*,
    No. 4:21CV121, 2021 WL 2905431 (N.D. Fla. Jun. 4, 2021) ............. 11

## Statutes

28 U.S.C. § 1915(a) ........................................................................ 1

28 U.S.C. § 1915(b) ........................................................................ 1

28 U.S.C. § 1915(e)(2)(A) ............................................................... 14

28 U.S.C. § 1915(g) ................................................................. *passim*

28 U.S.C. § 1915A(b)(1) ............................................................... 7

42 U.S.C. § 1997e(a)................................................................... 2

**Other Authorities**

Antonin Scalia & Bryan A. Garner, *Reading Law* (2012) ..................... 14

Fed. R. App. P. 35(b)(1)(A) ........................................................ 5

Fed. R. App. P. 35(b)(1)(B) ........................................................ 5

Margo Schlanger, *Inmate Litigation*, 116 Harv. L. Rev. 1555
   (2003) ................................................................................ 12

Order Appointing Leland Kynes to Defend the District
   Court's Ruling on Appeal, *Jara v. Nunez*, 878 F.3d 1268
   (11th Cir. 2018) (No. 16-15179) ............................................ 4

Order, *Wells v. Avery Cnty. Sheriff's Office*, No. 1:13-cv-55-
   RJC (W.D.N.C. Apr. 30, 2013), Doc.7.................................. 3, 9

Response Request, *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721
   (2020) (No. 18-8369).......................................................... 4

Ruling Letter Inviting the Director and Michigan
   Department of Corrections to Participate in Appeal at
   their Discretion, *Simons v. Washington*, 996 F.3d 350 (6th
   Cir. 2021) (No. 20-1406), Doc.19 ........................................ 4

## STATEMENT OF ISSUES WARRANTING EN BANC CONSIDERATION

I. Whether a dismissal for failure to exhaust is a "strike" for purposes of the Prison Litigation Reform Act's (PLRA's) "three-strikes" provision.

II. Whether a district court may dismiss a complaint under 28 U.S.C. § 1915(g) without first affording a plaintiff with "three strikes" an opportunity to pay the filing fee.

## STATEMENT OF THE CASE

### I.    Statutory Background.

The Prison Litigation Reform Act (PLRA) requires every prisoner to pay the full filing fee for a civil suit. 28 U.S.C. § 1915(b). Prisoners granted *in forma pauperis* status based on indigency may generally pay that fee in installments, rather than paying the fee up front. 28 U.S.C. § 1915(a)-(b). But the PLRA limits courts' discretion to grant *in forma pauperis* status. Known as the "three-strikes" provision, the relevant section provides:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the *in forma pauperis* section] if the prisoner has, on 3 or more prior occasions . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

1

frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

28 U.S.C. § 1915(g). The provision thus assesses a "strike" for every case a prisoner brings that is dismissed on one of the enumerated grounds: as frivolous, as malicious, or for failure to state a claim. When a prisoner has "three strikes," he cannot proceed *in forma pauperis* (with one exception not relevant here). *Id.*

The PLRA also requires prisoners to exhaust prison administrative remedies before bringing suit. 42 U.S.C. § 1997e(a). Non-exhaustion is an affirmative defense; defendants must prove that a prisoner has not exhausted available remedies, and a prisoner need not plead exhaustion in his complaint. *Jones v. Bock*, 549 U.S. 199, 211-17 (2007).

## II.    Proceedings Below.

While incarcerated at Augusta State Medical Prison, Jeremy Wells raised concerns regarding rampant gang activity—including frequent beatings—to prison officials. Op.1. Prison officials took no action, and gang members attacked Mr. Wells, leaving him with severe injuries (including a ruptured ear drum and burns on both eyes). Doc.12 at 5, 12.

Mr. Wells filed suit *pro se*. Op.1. He moved to proceed *in forma pauperis*, requesting to pay the $402 filing fee in installments. Doc.2. He

acknowledged that he had one prior "strike" under § 1915(g). Doc.12 at 8 (listing *Wells v. Cook*, No. 1:11-cv-324-RJC, 2012 WL 1032689 (W.D.N.C. Mar. 27, 2012)).

A magistrate judge found that Mr. Wells instead had three strikes, concluding that two other cases—both dismissed for failure to exhaust—were "strikes." Doc.18 at 2-3 (discussing *Wells v. Sterling*, No. 6:15-cv-1344-MBS, 2016 WL 1274036 (D.S.C. Mar. 31, 2016); Order, *Wells v. Avery Cnty. Sheriff's Office*, No. 1:13-cv-55-RJC (W.D.N.C. Apr. 30, 2013), Doc.7). Over Mr. Wells's objection, the district court adopted the magistrate judge's recommendation. Doc.20 at 1; Doc.21. The district court did not give Mr. Wells an opportunity to pay the filing fee but instead dismissed and closed the case.

Mr. Wells, now represented by counsel, appealed the denial of *in forma pauperis* status, arguing that the two cases dismissed for failure to exhaust were not strikes and that, even if they were, the district court should have allowed him to prepay the filing fee rather than dismissing his case outright.[2] Opening Br. 41-53, 53 n.18.

---

[2] Defendants did not enter an appearance either below or in this Court. This Court may grant rehearing en banc without requiring a response to this petition. *See, e.g.*, *Hoever v. Carraway*, 977 F.3d 1203, 1204 (11th

The panel opinion did not dispute that the text of the PLRA omits "failure to exhaust" as a basis for a strike; that seven other circuits "have concluded that dismissal based on the failure to exhaust, in the absence of an enumerated ground, does not constitute a strike under the PLRA"; or that *Jones v. Bock*, 549 U.S. 199 (2007), is incompatible with a rule that dismissal for failure to exhaust is a "strike." Op.3-5. But though this Court's only reasoned decision on the matter predated and was overruled by *Jones*, one published case applied the rule post-*Jones*. Op.5-6 (discussing *Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998), and *White v. Lemma*, 947 F.3d 1373 (11th Cir. 2020)). The panel thus believed it was required to affirm the district court. Op.5-6. A member of this Court withheld the mandate.

---

Cir. 2020) (order granting rehearing en banc without requesting response). Alternatively, this Court may request that Defendants file a response to the petition for rehearing en banc. *See, e.g.*, Response Request, *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020) (No. 18-8369) (calling for response to petition for certiorari even though Defendants did not appear in lower court). And should this Court grant rehearing, it may request that Defendants participate in the proceedings or appoint an amicus to argue in support of the district court's order. *See, e.g.*, Order Appointing Leland Kynes to Defend the District Court's Ruling on Appeal, *Jara v. Nunez*, 878 F.3d 1268 (11th Cir. 2018) (No. 16-15179); Ruling Letter Inviting the Director and Michigan Department of Corrections to Participate in Appeal at their Discretion, *Simons v. Washington*, 996 F.3d 350 (6th Cir. 2021) (No. 20-1406), Doc.19.

## ARGUMENT

### I.    This Circuit's Outlier Rule That 28 U.S.C. § 1915(g) Imposes A "Strike" For A Dismissal For Failure To Exhaust Warrants Rehearing En Banc.

The text of the PLRA lists only three grounds for assessing a "strike," dismissal for failure to exhaust not among them. This Circuit concluded in *Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998), that a failure to exhaust nonetheless constituted a strike. Were that rule ever good law, it has been clearly overruled by *Jones v. Bock*, 549 U.S. 199 (2007). But only an en banc court can correct course now, because this Court has applied that rule after and notwithstanding *Jones*. Op.6. The result is a lopsided 7-1 circuit split, with this Court the single outlier. This Court should grant rehearing en banc to align its rule with the text of the statute and the precedent of the Supreme Court and its sister circuits. *See* Fed. R. App. P. 35(b)(1)(A)-(B).

### A.    This Court's Position Conflicts With The Text Of The Statute, Supreme Court Precedent, And Every Other Circuit To Consider The Question.

This Court has three rules when it comes to interpreting the PLRA: "(1) Read the statute; (2) read the statute; (3) read the statute!" *Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283 (11th Cir. 2016). The

5

provision of the statute at issue here is excruciatingly clear. It enumerates three—and only three—grounds for assessing a "strike": dismissals as frivolous, dismissals as malicious, or dismissals for failure to state a claim. 28 U.S.C. § 1915(g). "Under the negative-implication canon, these three grounds are the *only* grounds that can render a dismissal a strike." *Daker*, 820 F.3d at 1283-84. A dismissal for failure to exhaust isn't one of those three grounds.

Nor is a dismissal for failure to exhaust synonymous with or subsumed within one of the terms contained in § 1915(g). A "frivolous" suit challenges an "inarguable legal conclusion" or raises a "fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A suit dismissed for failure to exhaust hasn't done either. A "malicious" suit is one filed in bad faith. *See Daker v. Bryson*, 841 F. App'x 115, 120-21 (11th Cir. 2020); *Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir. 2010). That a suit is ultimately dismissed for failure to exhaust doesn't mean it was brought in bad faith. And the Supreme Court specifically held in *Jones v. Bock* that a failure to demonstrate exhaustion isn't a "failure to state a claim." 549 U.S. at 215-16. In fact, a failure to plead exhaustion is not a

basis for dismissal at all, since exhaustion is an affirmative defense that defendants must prove. *Id.*[3]

Were there any doubt, the Supreme Court has interpreted an identically worded portion of the PLRA to exclude dismissals for failure to exhaust. Under 28 U.S.C. § 1915A(b)(1), a court may *sua sponte* dismiss certain complaints if, among other things, they are "frivolous, malicious, or fail[] to state a claim"—precisely the language used in the three-strikes provision, § 1915(g). In *Jones v. Bock*, the Supreme Court explained that while "exhaustion was a 'centerpiece' of the PLRA, failure to exhaust was notably not added" to § 1915A(b)(1). 549 U.S. at 200 (citation omitted).

---

[3] Of course, an unexhausted claim might *also* be dismissed on a ground that would result in a "strike." For instance, a plaintiff might lie about having exhausted, leading a district court to dismiss her suit as malicious. *See Pinson*, 391 F. App'x at 798-99 (intentional misrepresentation sufficient basis for dismissal as malicious). And the Supreme Court suggested in dicta that a complaint that clearly conceded the plaintiff had not exhausted might be dismissed for failure to state a claim. *See Jones*, 549 U.S. at 214-15. In such cases, though, the district court must make clear that the basis for the dismissal is frivolity, maliciousness, or failure to state a claim. *See Daker*, 820 F.3d at 1284 (no strike "unless the dismissing court made some express statement to that effect").

Unsurprisingly, all the circuits to consider the question—the Second, Third, Fourth, Seventh, Eighth, Tenth, and D.C. circuits—have concluded that dismissals for failures to exhaust are not strikes. *See Snider v. Melindez*, 199 F.3d 108, 115 (2d Cir. 1999); *Ball v. Famiglio*, 726 F.3d 448, 459-60 (3d Cir 2013); *Green v. Young*, 454 F.3d 405, 408 (4th Cir. 2006); *Turley v. Gaetz*, 625 F.3d 1005, 1012-13 (7th Cir. 2010); *Owens v. Isaac*, 487 F.3d 561, 563 (8th Cir. 2007); *Strope v. Cummings*, 653 F.3d 1271, 1274 (10th Cir. 2011); *Thompson v. Drug Enf't Admin.*, 492 F.3d 428, 438 (D.C. Cir. 2007).

This Court's outlier rule stems from *Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998). *Rivera* held that a complaint that "lacked any allegations of exhaustion of remedies" was "tantamount to one that fails to state a claim upon which relief may be granted," so a dismissal based on failure to exhaust constituted a strike. 144 F.3d at 731. But the Supreme Court in *Jones v. Bock* subsequently held to the contrary: "[I]nmates are *not* required to specially plead or demonstrate exhaustion in their complaints." 549 U.S. at 216 (emphasis added). As panels of this

8

Court have recognized,[4] the sole premise on which *Rivera* relied was thus abrogated by *Jones*. But because a case post-dating *Jones* reiterated the *Rivera* rule, the panel opinion in this case held that a three-judge panel was bound to follow and could not correct that rule. Op.6 (citing *White v. Lemma*, 947 F.3d 1373, 1379 (11th Cir. 2020)). Now, only this court sitting en banc can do so.

Under the correct rule, Mr. Wells should have been allowed to proceed *in forma pauperis*. Neither *Wells v. Sterling* nor *Wells v. Avery County* was dismissed as "frivolous," "malicious," or for "failure to state a claim." *Sterling*, 2016 WL 1274036, at \*3 (granting defendants' motion for summary judgment on basis that Mr. Wells did not exhaust administrative remedies); Order, *Avery Cnty.*, No. 1:13-cv-55-RJC (W.D.N.C.), Doc.7 at 2-4 (dismissing Mr. Wells's complaint for failure to exhaust administrative remedies).

Congress could have drafted a statute that limited *in forma pauperis* status for a prisoner who "on 3 or more prior occasions . . . brought an action or appeal in a court of the United States that was

---

[4] *See, e.g.*, *Anderson v. Donald*, 261 F. App'x 254, 255-56 (11th Cir. 2008); *Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 867 (11th Cir. 2008).

dismissed," period. It did not, instead limiting *in forma pauperis* status only for prisoners who have brought three or more suits that were "dismissed on the grounds" that they were "frivolous, malicious, or fail[ed] to state a claim." 28 U.S.C. § 1915(g). This Court cannot depart from the plain text of the statute by adding an additional ground to that list.

**B.    The Question Presented Is Important And Recurs Frequently, And This Is A Rare Opportunity For This Court To Address It.**

Strike calculations are high stakes. Poverty prior to incarceration, nominal or nonexistent wages while behind bars, and prison fees for everything from phone calls to soap combine to mean that, for most prisoners, requiring prepayment of $400 or more to file a complaint likely means foregoing suit altogether. *See* Amicus Br. filed July 20, 2021, at 11, 17-18. And prisoners barred from courts have virtually no recourse for violations of their civil rights. *See McCarthy v. Madigan*, 503 U.S. 140, 153 (1992) (access to courts is a prisoner's "remaining and most 'fundamental political right'"). The question presented is thus exceptionally important and warrants rehearing en banc.

10

The question presented also comes up constantly in this Circuit. Looking at just the fraction of district-court orders that make their way onto WestLaw and at just one recent representative month, a case in this circuit was dismissed for failure to exhaust administrative remedies at least once a week.[5] Under this Court's rule, each of those cases erroneously constitutes a "strike," leaving each of those prisoners with fewer chances to access the courts. And this Court's atextual rule results in a prisoner accumulating three strikes—and thus being effectively barred from court, again erroneously—at least every other month.[6]

A circuit split is particularly untenable in this context because prisoners may be incarcerated in different circuits at different times. Mr.

---

[5] *See Campbell v. Taylor*, No 3:18-cv-00876, 2021 WL 6051069, at *4 (M.D. Ala. Dec. 21, 2021); *Cope v. Frederick*, No. 2:19-CV-194, 2021 WL 6425385, at *4 (M.D. Ala. Dec. 15, 2021); *Taylor v. Murray*, No. 3:21-cv-014, 2021 WL 6205853, at *4 (S.D. Ga. Dec. 6, 2021); *Cain v. Figueroa*, No. 3:21-cv-71, 2021 WL 5760315, at *6 (M.D. Fla. Dec. 3, 2021).

[6] *See, e.g.*, *Plummer v. Toliver*, No. 2:21-cv-51, 2021 WL 5862780, at *2 n.4 (S.D. Ga. Sept. 17, 2021); *Mingo v. Inch*, No. 4:21-cv-298, 2021 WL 4755606, at *3 (N.D. Fla. Sept. 10, 2021); *Oliver v. Ameris Bank*, No. 4:20-cv-273, 2021 WL 3508680, at *5 (S.D. Ga. Aug. 10, 2021); *Yisraeh-Benyahweh v. Fla. Governor*, No. 4:21CV121, 2021 WL 2905431, at *1 (N.D. Fla. Jun. 4, 2021); *Fedd v. Coleman*, No. 5:20-cv-128, 2021 WL 2303128, at *2 n.2 (S.D. Ga. Apr. 5, 2021); *Comesanas v. Pelt*, No. 5:18-cv-268, 2021 WL 1378782, at *12 n.7 (N.D. Fla. Mar. 23, 2021).

Wells was previously incarcerated in South Carolina, where he had only one "strike." *See Sterling*, 2016 WL 1274036, at *3; *Green*, 454 F.3d at 408. The same set of cases turned into three "strikes" once he was incarcerated in Georgia.

Finally, assessing a prisoner a strike for a failure to exhaust is out of keeping with the rest of the three-strikes provision. Administrative exhaustion is extraordinarily difficult, even for sophisticated prisoners. *See* Margo Schlanger, *Inmate Litigation*, 116 Harv. L. Rev. 1555, 1649-54 (2003). A case may be dismissed for failure to exhaust on the most trivial of technicalities. *See, e.g.*, *Bracero v. Sec'y, Fla. Dep't of Corr.*, 748 F. App'x 200, 203 (11th Cir. 2018) (dismissing for failure to exhaust where prisoner wrote a few lines of grievance below line labeled, "Do not write below this line"). And a case dismissed based on a failure to exhaust may be refiled upon the completion of the exhaustion process, leading to the truly bizarre result that a prisoner might refile a suit, win the entire case, and still walk away with a "strike." *See Snider*, 199 F.3d at 112. Assessing a "strike" on the basis of a technical error or because a prisoner filed prematurely is at odds with § 1915(g), which "was designed to stem the tide of egregiously meritless lawsuits, not those temporarily infected

with remediable procedural or jurisdictional flaws." *Tafari v. Hues*, 473 F.3d 440, 443 (2d Cir. 2007).

This case is a rare vehicle to resolve the question presented. Most *pro se* prisoners will not have the wherewithal to preserve an objection to a lower court's incorrect counting of a strike; Mr. Wells did. *See* Doc.20 at 1. And most prisoners denied *in forma pauperis* status will not be able to scrape together the funds to appeal that denial; Mr. Wells is proceeding with *pro bono* counsel who have paid his full appellate filing fees. Because this Court is unlikely to have another chance to resolve this important question despite its frequent recurrence in district courts, it should grant rehearing en banc.

## II. This Circuit's Outlier Rule Requiring Courts To Dismiss A Case Rather Than Giving A Three-Strikes Prisoner The Opportunity To Pay The Filing Fee Warrants Rehearing En Banc.

Even if the district court were correct in finding that Mr. Wells had incurred three strikes, it still erred in dismissing his case without allowing him an opportunity to pay his full filing fee up front. The text of § 1915(g) does not limit the ability of a prisoner who has incurred three strikes to "bring a civil action," full stop. It limits only the ability of a prisoner to "bring a civil action…*under this section*"—that is, under the

*in forma pauperis* section. 28 U.S.C. § 1915(g). The remedy where a prisoner has incurred three strikes is to bar him from proceeding "under this section" by requiring him to pay his filing fee up front, rather than in installments. This Court instead bars prisoners who have incurred three strikes from "bring[ing] a civil action" altogether by dismissing their cases. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam). But that rule reads the qualifying phrase "under this section" out of the statute.

Were there any doubt that § 1915(g) forecloses this Circuit's rule, the rest of § 1915 confirms as much. A separate provision of § 1915 mandates that a court "shall dismiss the case at any time" where "the court determines that the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). That Congress expressly mandated dismissal only in one kind of case where a prisoner is not entitled to *in forma pauperis* status (because his allegations of poverty are untrue) is strong evidence that Congress did *not* intend to require dismissal in another kind of case where a prisoner is not entitled to *in forma pauperis* status (because he has incurred three strikes). Antonin Scalia & Bryan A. Garner, *Reading Law* 107-11 (2012).

This Court's decision to the contrary did not even acknowledge the phrase "under this section" in the statute, let alone attempt to square its conclusion with that text. *Dupree*, 284 F.3d at 1235-36. Instead, it relied on bread crumbs in prior opinions; for instance, one such opinion had, without comment, affirmed a district court order dismissing a case without an opportunity to pay the filing fee. *Id.*

No other circuit has adopted this Court's rule.[7] In accordance with the text of § 1915(g), other circuits will not allow prisoners with three strikes to bring an action *in forma pauperis*, but do not read § 1915(g) to foreclose three-strikes prisoners from bringing suit at *all*. A case may subsequently be dismissed for failure to pay the filing fee, of course. But

---

[7] *See, e.g.*, *James v. Anderson*, 770 F. App'x 724, 724 (5th Cir. 2019) (per curiam) ("Should he wish to reinstate his appeal, James has 30 days from the date of this opinion to pay the full appellate filing fee to the clerk of the district court."); *Ball*, 726 F.3d at 471 ("Unless she pays the docketing fee within 14 days of the judgment rendered herewith, these appeals will be dismissed pursuant to Third Circuit L.A.R. 107.1(a)."); *Dubuc v. Johnson*, 314 F.3d 1205, 1207 (10th Cir. 2003) ("Plaintiff's failure to pay the filing fee as directed will result in the dismissal of his appeal for failure to prosecute."); *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002) ("In summary, we conclude the district court properly applied the three-strikes provision in this action by assessing the full filing fee against the petitioner and giving him 30 days in which to pay that fee before dismissing the action."); *Smith v. District of Columbia*, 182 F.3d 25, 29-30 (D.C. Cir. 1999) ("Unless he pays the required fees, Smith's appeal will be dismissed.").

that dismissal is for a failure to prosecute or to comply with a local rule, not pursuant to § 1915(g). As a result, other circuits' standard denials of *in forma pauperis* status allow prisoners a window in which to pay the filing fee before dismissal is authorized.[8]

Like the first question presented, the issue of what to do when a prisoner has accrued three strikes arises frequently in this circuit—namely, every time a prisoner is barred from proceeding *in forma pauperis* on that ground.[9] Of course, many—perhaps most—prisoners

---

[8] The only other circuit to dismiss cases without affording a three-strikes prisoner the opportunity to pay the filing fee is the Seventh Circuit, but even in that court, such a sanction is reserved for prisoners who attempt to "bamboozle the court" by knowingly hiding information. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). There has been no finding in this case that Mr. Wells tried to commit a fraud; he disclosed the one case that was clearly a strike and argued that his two other cases were not strikes. *Supra*, 2-3. Even the Seventh Circuit, then, would allow him the opportunity to pay his full filing fee before dismissing the case. *See Greyer v. Ill. Dep't of Corr.*, 933 F.3d 871, 875 (7th Cir. 2019) ("Even prisoners with no incentive to lie often do not have ready access to their litigation documents…."); *Isby v. Brown*, 856 F.3d 508, 519-21 (7th Cir. 2017) (exercising discretion to reach merits of case rather than dismissing case).

[9] *Stephens v. Goodwin*, No. 3:21-cv-1249, 2021 WL 6753650, at *1-2 (M.D. Fla. Dec. 30, 2021); *Sanders v. Fla. Dep't of Corr.*, No. 3:21CV3871, 2021 WL 6424644, at *1-2 (N.D. Fla. Dec. 27, 2021); *Henderson v. Carr*, No. 1:21-cv-179, 2021 WL 6512116, at *1-2 (S.D. Ga. Dec. 14, 2021); *Dorsey v. Clay*, No. 3:21-CV-00078, 2021 WL 5894033, at *1 (M.D. Ga. Nov. 22, 2021).

will not be able to pay their filing fee up front even if given the opportunity. But this Court's rule doesn't even give prisoners that chance. Instead, a prisoner denied *in forma pauperis* status whose case is dismissed and who then begs or borrows sufficient funds to refile her case may well be stuck paying *two* filing fees—one for the suit that was dismissed under this Circuit's rule because she had attempted to proceed *in forma pauperis*, and a second for the refiled suit—when she could have paid just one.[10] The text of the PLRA does not require such a sanction.

## CONCLUSION

The petition for rehearing en banc should be granted.

Dated: February 7, 2022                    Respectfully Submitted,

Rosalind Dillon                            Easha Anand
RODERICK & SOLANGE                         RODERICK & SOLANGE
 MACARTHUR JUSTICE CENTER                   MACARTHUR JUSTICE CENTER
160 East Grand Ave., Floor 6               2443 Fillmore St., #380-15875
Chicago, IL 60611                          San Francisco, CA 94115
                                           (510) 588-1274
                                           easha.anand@
                                             macarthurjustice.org

*Attorneys for Plaintiff-Appellant Jeremy Wells*

---

[10] *See Alea*, 286 F.3d at 381-82; *Williams v. Roberts*, 116 F.3d 1126, 1127-28 (5th Cir.1997); *Muhammad v. Storr*, No. 4:97-cv-00383, 2014 WL 1613937, \*1 (N.D. Fla. Apr. 22, 2014).

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

Pursuant to Fed. R. App. P. 35 and 11th Cir. R. 35, I hereby certify that:

1.     This brief complies with the type-volume limitations of Fed. R. App. P. 35(b)(2)(A) and because this brief contains 3,836 words, excluding the parts of the brief exempted by 11th Cir. R. 35-1.

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman typeface.


Dated: February 7, 2022          *s/ Easha Anand*
                                 Easha Anand


1

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2022, I electronically filed the foregoing *Petition for Panel Rehearing and Rehearing En Banc* with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: February 7, 2022           *s/ Easha Anand*
                                  Easha Anand

2