No. 21-10550

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

JEREMY WELLS,
            *Plaintiff-Appellant*,

v.

WARDEN PHILBIN, CLIFFORD BROWN, AND FNU FLUKER,
            *Defendants-Appellees*.

Appeal from the United States District Court
for the Southern District of Georgia
Case No. 1:20-CV-00097
Hon. J. Randal Hall

**MOTION OF THE AMERICAN CIVIL LIBERTIES UNION, THE AMERICAN CIVIL LIBERTIES UNION OF ALABAMA, THE AMERICAN CIVIL LIBERTIES UNION OF FLORIDA, THE AMERICAN CIVIL LIBERTIES UNION OF GEORGIA FOR LEAVE TO FILE EN BANC *AMICI CURIAE* BRIEF IN SUPPORT OF PLAINTIFF-APPELLANT**

| | |
|---|---|
| Jennifer Wedekind | Daniel Tilley |
| AMERICAN CIVIL LIBERTIES UNION | ACLU OF FLORIDA |
| 915 15th Street NW | 4343 W. Flagler Street, Suite 400 |
| Washington, DC 20005 | Miami, FL 33134 |
| (202) 548-6610 | (786) 363-2737 |
| jwedekind@aclu.org | DTilley@aclufl.org |
| | |
| LaTisha Gotell Faulks | Andres M. Lopez-Delgado |
| ACLU OF ALABAMA | ACLU FOUNDATION OF GEORGIA, INC. |
| PO Box 6179 | PO Box 570738 |
| Montgomery, AL 36106 | Atlanta, GA 30357 |
| (334) 265-2754 | (732) 666-3300 |
| tgfaulks@aclualabama.org | adelgado@acluga.org |

*Counsel for* Amici Curiae

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 29(c) and 11th Cir. R. 26.1-1, the undersigned hereby certifies that the following is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal:

1. American Civil Liberties Union
2. American Civil Liberties Union of Alabama
3. American Civil Liberties Union of Florida
4. American Civil Liberties Union of Georgia
5. Anand, Easha
6. Brennan Center for Justice at NYU School of Law
7. Brown, Clifford
8. Cao, Perry
9. Constitutional Accountability Center
10. Dignam, Brett
11. Dillon, Rosalind
12. Epps, Brian K., U.S. Magistrate Judge
13. Faulks, LaTisha G.
14. Florida Justice Institute
15. Fluker, FNU

16. Gelernter, Eugene M.

17. Hall, Randal J., U.S. District Court Chief Judge

18. Human Rights Defense Center

19. Legal Aid Society

20. Lopez-Delgado, Andres M.

21. Marion, Abigail E.

22. Patterson Belknap Webb & Tyler LLP

23. Philbin, Warden

24. Quigley, William P.

25. Rao, Devi

26. Roderick & Solange MacArthur Justice Center

27. Southern Center for Human Rights

28. Southern Poverty Law Center

29. Tilley, Daniel

30. Wedekind, Jennifer A.

31. Wells, Jeremy John

Pursuant to 11th Cir. R. 26.1-3, the undersigned further certifies that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

Dated: June 14, 2022 /s/ Jennifer Wedekind
Jennifer Wedekind

# MOTION FOR LEAVE TO FILE BRIEF *AMICI CURIAE* IN SUPPORT OF PLAINTIFF-APPELLANT

Pursuant to Federal Rule of Appellate Procedure 29 and 11th Circuit Rules 29-1 and 29-2, the American Civil Liberties Union ("ACLU"), the American Civil Liberties Union of Georgia, the American Civil Liberties Union of Alabama, and the American Civil Liberties Union of Florida respectfully request leave to file the accompanying *amici curiae* brief in support of plaintiff-appellant. Defendants-Appellees consent to this motion.

The ACLU is a nationwide, nonprofit, nonpartisan organization with more than 1.7 million members, dedicated to the principles of liberty and equality embodied in the Constitution and this Nation's civil rights laws. Consistent with that mission, the ACLU established the National Prison Project ("NPP") in 1972 to protect and promote incarcerated people's civil and constitutional rights. The NPP has decades of experience in complex prisoners' rights class action suits and since 1990 has represented incarcerated people in five cases before the U.S. Supreme Court. Courts across the country have repeatedly recognized the special expertise of the NPP in conditions of confinement cases.[1] The ACLU of Alabama, the ACLU of Florida, and the ACLU of Georgia, are state affiliates of the ACLU.

---

[1] *See, e.g., Plyler v. Evatt*, 902 F.2d 273, 278 (4th Cir. 1990); *Palmigiano v. Garrahy*, 707 F.2d 636, 637 (1st Cir. 1983); *Parsons v. Ryan*, No. CV-12-0601-PHX-DKD, 2018 WL 3239692, at *3 (D. Ariz. June 22, 2018), *aff'd in part, rev'd in part and remanded on other grounds*, 949 F.3d 443 (9th Cir. 2020); *Duvall v.*

1

This case involves the interpretation and application of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, on which *amici* have unique experience and expertise. *Amici* have been involved in litigation concerning the interpretation of the PLRA since the statute's enactment, both as counsel and as *amici curiae*, including before this Court. *See, e.g.*, *Geter v. Baldwin State Prison*, 974 F.3d 1348 (11th Cir. 2020); *see also, e.g.*, *Varner v. Shepard*, 11 F.4th 1252 (11th Cir. 2021); *Hoever v. Marks*, 993 F.3d 1353 (11th Cir. 2021).

Specifically, this case addresses the interplay between the PLRA's exhaustion requirement and the statute's "three-strikes" provision, which bars plaintiffs from proceeding *in forma pauperis* in a civil action if the plaintiff has on three or more occasions brought an action that was dismissed on grounds that it was frivolous, malicious, or failed to state a claim. *See* 28 U.S.C. § 1915(g). This Court's precedent, which runs counter to all other circuits that have addressed the question, provides that dismissal for failure to exhaust constitutes a "strike" under the PLRA. The Court now has the opportunity to correct course, and to join its sister circuits by holding that strikes should not be assessed when a case is dismissed for failure to exhaust.

---

*O'Malley*, No. CV ELH-94-2541, 2016 WL 3523682, at *9 (D. Md. June 28, 2016); *Dockery v. Fischer*, 253 F. Supp. 3d 832, 856 (S.D. Miss. 2015); *Riker v. Gibbons*, No. 3:08-CV-00115-LRH, 2010 WL 4366012, at *4 (D. Nev. Oct. 28, 2010); *Diaz v. Romer*, 801 F. Supp. 405, 410 (D. Colo. 1992), *aff'd*, 9 F.3d 116 (10th Cir. 1993).

*Amici* are uniquely positioned to provide the Court with important background and context for its decision. As civil rights practitioners who routinely represent incarcerated clients, *amici* are well-versed in the requirements of the PLRA, its implications for incarcerated litigants, and the obstacles many incarcerated litigants face. The proposed brief therefore provides important and relevant information to inform the resolution of this case.

The brief (1) describes the many stumbling blocks and convoluted requirements that prevent incarcerated plaintiffs from successfully exhausting administrative remedies; (2) highlights common characteristics of incarcerated people such as limited English proficiency, low levels of literacy, and high rates of mental illness that further inhibit the ability to exhaust; and (3) demonstrates how prison officials may manipulate grievance procedures to immunize themselves from suit. The brief further discusses that, as a result of the above factors, incarcerated people who are unable to navigate these complicated systems are forced to watch their civil rights claims dismissed for failure to exhaust. This Court's current position twice penalizes plaintiffs by assessing a strike at the same time as dismissing an action.

WHEREFORE, proposed *amici curiae* respectfully request that this Court grant this motion for leave to file the attached brief in support of plaintiff-appellant.

3

Dated: June 14, 2022	Respectfully submitted,

*/s/ Jennifer Wedekind*
Jennifer Wedekind
AMERICAN CIVIL LIBERTIES UNION
915 15th Street NW
Washington, DC 20005
(202) 548-6610
jwedekind@aclu.org

*Attorney for Amici Curiae*

# CERTIFICATE OF COMPLIANCE

I hereby certify that:

1. This motion complies with the type-volume limitation of Fed. R. App. 27(d)(2) because it contains 721 words.

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface with 14-point Times New Roman font.


Dated: June 14, 2022                          <u>*/s/ Jennifer Wedekind*</u>
                                              Jennifer Wedekind

**CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.


Date: June 14, 2022         */s/ Jennifer Wedekind*
                                        Jennifer Wedekind

                                        *Attorney for Amici Curiae*